AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

MAR 1 0 2015

AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk - Albany

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. /:15-M 93     (CFH)
INFORMATION THAT IS STORED AT PREMISES )
CONTROLLED BY IF(WE) )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____ Northern _____ District of _____ New York _____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2250(a) | Failure to register as a sex offender while traveling in interstate commerce, in violation of the Sex Offender Registration and Notification Act |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Deputy U.S. Marshal Stuart Smith
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____03/10/2015_____

*Judge's signature*

City and state: Albany, NY

The Hon. Christian F. Hummel
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE USER ID RASSY76 AND/OR CORRESPONDING TO THE EMAIL ADDRESS JEREMYRASMUSSEN76@YAHOO.COM THAT IS STORED AT PREMISES CONTROLLED BY IF(WE) | No.:15-M-*93*    (CFH) |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, **STUART SMITH,** being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant for information associated with a certain Tagged.com user ID that is stored at premises owned, maintained, controlled, or operated by IF(WE), a social networking company headquartered at 849 Battery Street in San Francisco, California, 94111, which operates Tagged.com. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), to require IF(WE) to disclose to the government records and other information in its possession pertaining to the subscriber or customer corresponding to the user ID rassy76 and/or to the email address JEREMYRASMUSSEN76@YAHOO.COM.

2.  I am a Deputy U.S. Marshal with the United States Marshals Service, and have been since February 2007. I have routinely used information technology to assist me in investigations. I have examined and performed analyses of records on more than one hundred (100) cases covering everything from call detail records provided by a phone company, to all

records associated with a given Facebook profile. I have attended multiple law enforcement-sponsored classes focused on improving investigative techniques in the areas of social networking and telephonic records.

3. Prior to joining the United States Marshals Service, I served as an officer in the United States Marine Corps. I have continued my military service in the Marine Corps Reserve, where I currently have more than 16 years of honorable service. I presently serve as the Operations Officer for 6th Communications Battalion, located in Brooklyn, New York.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Jeremy Lynn Rasmussen committed a violation of 18 U.S.C. § 2250(a), failure to register as a sex offender while traveling in interstate commerce, in violation of the Sex Offender Registration and Notification Act ("SORNA"). There is also probable cause to search the information described in Attachment A for evidence of these crimes, as described in Attachment B.

6. On or about February 11, 2015, the U.S. Attorney's Office for the Northern District of New York sent a preservation request to IF(WE), seeking preservation of records and information associated with Rasmussen. That same day, an IF(WE) representative acknowledged receipt and compliance with this request.

2

## PROBABLE CAUSE

7.     I am investigating Jeremy Lynn Rasmussen for a violation of 18 U.S.C. § 2250(a), failure to register as a sex offender while traveling in interstate commerce, in violation of the Sex Offender Registration and Notification Act ("SORNA").

8.     In 2002, Rasmussen was convicted in New York State (Jefferson County) of raping and kidnapping his wife.

9.     In 2009 and 2010, in the federal District of Oregon, Rasmussen was prosecuted on and convicted of a SORNA violation. He received a term of supervised release as part of his sentence.

10.    Rasmussen moved back to the Northern District of New York, whose Probation Office was supervising his supervised release, and where he has been convicted of four sets of supervised release violations. The fourth supervised release violation petition was issued on January 20, 2015. Rasmussen was not immediately arrested because he could not be found at the residential address he provided to both Probation and to the New York Sex Offender Registry.

11.    Rasmussen was arrested on February 9, 2015, in Pittsfield, Massachusetts. He was then returned to this District and came into the custody of the Marshals Service. After another Deputy Marshal informed Rasmussen of his *Miranda* rights against self-incrimination and after Rasmussen waived such rights, Rasmussen told me that he had been in Massachusetts since about February 4, and was staying there with a woman he met through Tagged.com. Rasmussen's ID on Tagged.com is rassy76; JEREMYRASMUSSEN76@YAHOO.COM is his email address and may also be associated with his Tagged.com account.

12.    Rasmussen did not inform Probation of his trip or move to Massachusetts, and in fact needed to provide Probation with prior notice before leaving this District. Moreover,

3

pursuant to 42 U.S.C. § 16913(c), Rasmussen should have registered, but did not register, a new residential address on or about February 9, or three (3) business days after his arrival in Pittsfield, Mass.

13. IF(WE) owns and operates a free-access social networking website called Tagged that can be accessed at http://www.tagged.com. IF(WE) allows its users to establish accounts with Tagged, and users can then use their accounts to share written news, photographs and other information with other Tagged users.

14. Tagged asks users to provide basic contact and personal identifying information to Tagged, either during the registration process or thereafter. This information may include the user's full name, birth date, gender, contact email addresses, Tagged passwords, Tagged security questions and answers (for password retrieval), physical address (including city, state, and zip code), telephone numbers, screen names, websites and other personal identifiers.

15. Tagged allows users to upload photos and videos. Tagged users can exchange private messages on Tagged with other users. These messages, which are similar to e-mail messages, are sent to the recipient's inbox on Tagged, which also stores copies of messages sent by the recipient, as well as other information. Tagged users can also post comments on the Tagged profiles of other users or on their own profiles.

16. Tagged likely retains Internet Protocol ("IP") logs for a given user ID or IP address. These logs may contain information about the actions taken by the user ID or IP address on Tagged, including information about the type of action, the date and time of the action, and the user ID and IP address associated with the action.

17. As explained herein, information stored in connection with a Tagged account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct

under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.

18. Therefore, the computers of Tagged or IF(WE) are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of Tagged, such as account access information and communications.

19. Based on the foregoing, there is probable cause to conclude that Rasmussen violated 18 U.S.C. § 2250(a), and that the search requested herein could lead to additional evidence of this probable violation. Such evidence could include (a) IP address data showing the physical places where Rasmussen's account was accessed (e.g. New York or Massachusetts), (b) communications evidencing Rasmussen's location at a given point in time and (c) information identifying the woman with whom Rasmussen was staying in Pittsfield, Mass.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

20. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require IF(WE) to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

21. Based on the forgoing, I request that the Court issue the proposed search warrant.

22. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

23. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

_____
Stuart Smith
Deputy U.S. Marshal
United States Marshals Service

Subscribed and sworn to before me
on March 10, 2015:

_____
THE HON. CHRISTIAN F. HUMMEL
UNITED STATES MAGISTRATE JUDGE

6

## ATTACHMENT A

### Property to Be Searched

1. This warrant applies to information associated with the Tagged.com subscriber or user corresponding to the user ID rassy76 and/or the email address JEREMYRASMUSSEN76@YAHOO.COM. that is stored at premises owned, maintained, controlled, or operated by IF(WE), a company headquartered at 849 Battery Street, San Francisco, California, 94111, which operates Tagged.com.

# ATTACHMENT B

## Particular Things to be Seized

I. **Information to be disclosed by IF(WE), operator of Tagged.com**

To the extent that the information described in Attachment A is within the possession, custody, or control of IF(WE) and/or Tagged.com, including any messages, records, files, logs, or information that have been deleted but are still available to IF(WE) and/or Tagged.com, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), IF(WE) and/or Tagged.com is required to disclose the following information to the government for each user ID listed in Attachment A:

(a) All contact and personal identifying information;

(b) All activity logs for the account and all other documents showing the user's posts and other Tagged activities;

(c) All photos and videos uploaded by that user ID, and all photos and videos uploaded by any user that have that user ID tagged in them;

(d) All profile information for the user ID

(e) All other records of communications and messages made or received by the user, including all private messages and chat history;

(f) All "check ins" and other location information;

(g) All IP logs, including all records of the IP addresses that logged into the account;

(h) All past and present lists of friends created by the user ID; and

(i) The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number).

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. § 2250(a) involving Jeremy Lynn Rasmussen since December 1, 2014, including, for each user ID identified on Attachment A, information pertaining to the following matters:

(a) Facts or events that required Rasmussen to update his sex offender registration with any governmental entity;

(b) Rasmussen's trips to, or residence in, Massachusetts, for any period of time;

(c) Evidence indicating how and when the Tagged.com account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and to the Tagged.com account user or subscriber;

(d) Evidence indicating the Tagged.com account user/subscriber's state of mind as it relates to the crime under investigation;

(e) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s); and

(f) The identity of any person who communicated with the user ID regarding Rasmussen's moving or trips to Massachusetts, including records that help reveal their whereabouts.